# NO. 12-14-00305-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JIMMY DESHAWN MOSLEY, JR.,* *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Jimmy DeShawn Mosley, Jr. appeals his conviction for capital murder. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We affirm.

### BACKGROUND

Appellant was charged by indictment with capital murder. Pursuant to a negotiated plea agreement, Appellant pleaded "guilty" to the offense. The trial court followed the State's agreed recommendation and assessed Appellant's punishment at imprisonment for life without parole. Also pursuant to the agreement, the trial court ordered reimbursement of Appellant's court costs and court appointed attorney's fees.

Citing rule of appellate procedure 25.2(a)(2),[1] the trial court certified Appellant's right of appeal only as to matters that were raised by written motion filed and ruled on before trial. This appeal followed.

---

[1] "In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel acknowledges that Appellant may only appeal those matters which were raised by written motion prior to trial. Appellant's counsel relates that he has completed a diligent search of the record and researched all applicable law. He further relates that he is of the opinion that no error exists in the two issues that were raised prior to trial and that this appeal is frivolous and without merit. In compliance with *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978), counsel's brief contains a thorough professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.

In Appellant's pro se brief, he raises one issue wherein he attempts to appeal the trial court's imposition of court costs and attorney's fees. Because this is not an issue that was raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal, Appellant has no right of appeal regarding this issue. *See* TEX. R. APP. P. 25.2(a)(2). Therefore, we are without jurisdiction to consider the issue.

We have considered counsel's brief and Appellant's pro se brief. Furthermore, we have conducted our own independent review of the record. *See High* 573 S.W.2d at 811. We have found no reversible error.

<u>CONCLUSION</u>

As required by *Anders* and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so, we agree with Appellant's counsel that the appeal is wholly frivolous. Accordingly, we *grant* counsel's motion for leave to withdraw and *affirm* the judgment of the trial court.

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, he

---

defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal." TEX. R. APP. P. 25.2(a)(2).

must either retain an attorney to file a petition for discretionary review on his behalf or he must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered August 5, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 5, 2015**

**NO. 12-14-00305-CR**

**JIMMY DESHAWN MOSLEY, JR.,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 2nd District Court

of Cherokee County, Texas (Tr.Ct.No. 18,611)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed,** and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*